IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN KENNETH RICHARDSON,

Petitioner,

                        Civil Action No. 06-305

    v.               Judge Thomas M. Hardiman
                      Magistrate Judge Amy Reynolds Hay

MARILYN BROOKS, et al.,

Respondents.

## REPORT AND RECOMMENDATION

I.   RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus be denied as untimely and that a certificate of appealability be denied.

II.  REPORT

Petitioner John Kenneth Richardson is a state prisoner incarcerated at the state correctional institution located in Albion, Pennsylvania. Currently pending before this court is his Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. 3).

**A.   Relevant Procedural History**

On May 16, 1996, Richardson pleaded guilty to one count each of terroristic threats (18 PA.CONS.STAT. § 2706), criminal coercion (id § 4702), and retaliation for past matters (id. § 4703). Gary Nelson, Esquire, represented him at the plea

1

proceeding.  David G. Metinko, Esquire, and Bruce A. Carsia, Esquire, each had represented him at earlier stages of the proceeding.

The Honorable Jeffrey A. Manning presided over Richardson's plea proceeding and sentenced him to a term of three months to two years incarceration, and then five years probation. Richardson did not file a motion to withdraw the guilty plea and appeal the judgment of sentence that resulted from his plea.  As a result, his judgment of sentence became final 30 days later, on or about Monday, June 17, 1996.  Pa.R.A.P. 903; see also Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001) (holding that, because the petitioner did not file a direct appeal from his guilty plea, his conviction and sentence became "final" upon the expiration of the thirty-day time period during which he could have appealed).

On April 30, 1997, Richardson filed pro se petition for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT. § 9541 et seq.  (Ex. 15).[1] Therein, he contended, inter alia, that his criminal proceedings were infected with constitutional error.  (Ex. 15 at 3).

On May 7, 1997, Judge Manning appointed Robert E. Stewart, Esquire, to represent Richardson.  More than two years later, the Commonwealth filed a motion to dismiss because an amended petition had not been filed to cure the defects of the pro se

---

[1] All "Ex." citations are to documents attached to Respondents' Answer (Doc. 10).

petition, as required by Pennsylvania Rule of Criminal Procedure 1505(b). (Ex. 16). Attorney Stewart filed a response on Richardson's behalf. (Ex. 18). Therein, counsel explained that he had experienced significant delay in receiving the transcript in the matter. He noted that in August 1998, after he received and reviewed the transcript, he forwarded to Richardson a proposed amended PCRA petition for his review. Richardson did not agree with Attorney Stewart's advice on the matter and informed counsel that he did not want to proceed with the proposed amended PCRA petition.

Richardson subsequently filed a motion for new counsel, which Judge Manning denied. (Ex. 19). Judge Manning further informed Richardson that if he intended to proceed without counsel, he had 30 days to file an amended PCRA petition. (Ex. 19). On December 18, 2000, Judge Manning issued an order dismissing the PCRA petition because Richardson failed to file an amended PCRA petition. (Exs. 17 & 20). Richardson did not file an appeal with the Superior Court.[2]

Richardson began proceedings in this court, at the very earliest, on March 7, 2006, the date he signed the Petition for

---

[2] Richardson eventually served his term of incarceration and apparently was released to serve his term of probation. On March 9, 2005, he appeared before Judge Manning for a probation violation hearing. On that day, Judge Manning issued an Order of Court revoking his probation and sentencing him to not less than 30 nor more than 60 months incarceration. Richardson is currently appealing the imposition of that sentence. (Ex. 22). The appeal is docketed in the Superior Court at docket number 343 WDA 2006.

Writ of Habeas Corpus. (Doc. 3). In the petition, Richardson raises the following claims: (1) "ineffective assistance on the part of Bruce Carsia [counsel at his preliminary hearing], Gary Nelson [counsel at his plea and sentencing proceeding], and Robert Stewart [PCRA counsel] in violation of the 6th Amendment to the United States Constitution";[3] and, (2) "No impartial trier of fact in violation to the 6th Amendment to the U.S. Constitution." (Ex. 3 at ¶ 13).

    **B.**    **Time Period for Filing Federal Habeas Corpus Petitions**

        **1.**    **One-Year Statute of Limitations Period**

In their Answer, Respondents contend that Richardson's habeas petition must be dismissed because it is untimely under the statute of limitations set forth in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244. (Doc. 10 at 11-13). AEDPA requires, with a few exceptions not implicated here, that a state prisoner seeking federal habeas corpus relief file a petition in federal district court within one year after his state judgment becomes final. 28 U.S.C. § 2244(d)(1)(A).

As noted above, Richardson's judgment of sentence became final on June 17, 1996; therefore, the one-year period for filing his federal habeas corpus petition began to run on that date.

---

    [3] At another point in his habeas petition, Richardson explains that he "was forced to plead 'guilty' to all charges because it would have been absolutely fatal to go to trial and relying on substandard counsel for representation." (Doc. 3 ¶ 6).

AEDPA provides that "properly filed" applications for PCRA relief that are pending during its limitations period will statutorily toll the limitations period. 28 U.S.C. § 2244(d)(2). Here, Richardson filed his PCRA petition on April 30, 1997. Assuming, for the sake of argument, that that petition was "properly filed," it tolled AEDPA's statute of limitations after 316 days had already expired (from June 17, 1996 to April 29, 1997).

On December 18, 2000, Judge Manning dismissed Richardson's PCRA petition. Richardson had thirty days (until Wednesday, January 17, 2001) in which to file his appeal to the Superior Court of Pennsylvania. The PCRA proceeding is deemed to be pending during this time (even though an appeal was not filed). See Swartz v. Meyer, 204 F.3d 417, 420 (3d Cir. 2000). Accordingly, the PCRA petition continued to toll the limitations period through January 17, 2001. After that date, AEDPA's limitations period began to run again, and Richardson, having approximately 49 days remaining before AEDPA's statute of limitations expired, had until on or about, Thursday, March 8, 2001, to file a timely federal habeas petition with this court.

Richardson did not initiate proceedings in this court until, at the very earliest, March 7, 2006. Thus, even with the benefit of § 2244(d)(2)'s tolling provision, his habeas petition is untimely.

## 2.  Equitable Tolling

Richardson has not shown that he is entitled to take advantage of the doctrine of equitable tolling in this action.

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims.  Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted).  See also Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).

Richardson argues that Judge Manning prevented him from having "his claims brought before any court on the state level" and that "[n]o court-appointed counsel had the skill to argue any of [his] claims at any level."  (Doc. 3 ¶ 14).  These bald assertions do not qualify him for entitlement to the extraordinary remedy of equitable tolling.  He has failed to direct this court to any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner.  See, e.g., Lacava, 398 F.3d at 276-79.

6

Based upon all of the foregoing, the record reveals that the instant petition for writ of habeas corpus was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d).

III. <u>CERTIFICATE OF APPEALABILITY</u>

AEDPA provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a state court unless a certificate of appealability has been issued.  A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right.  28 U.S.C. 2253(c)(2).

In <u>Slack v. McDaniel</u>, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the Petition for Writ of Habeas Corpus commenced by Richardson was filed within the one-year limitation period which

is provided for under AEDPA.  Accordingly, a certificate of appealability should be denied.

IV.   CONCLUSION

It is respectfully recommended that the Petition be dismissed and that a certificate of appealability be denied.  In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

>                              Respectfully submitted,
>
>                              /s/ Amy Reynolds Hay
>                              AMY REYNOLDS HAY
>                              United States Magistrate Judge

Dated: 13 November, 2006

cc:   The Honorable Thomas M. Hardiman
      United States District Court Judge

      John Kenneth Richardson
      GD-2221
      SCI Albion
      10745 Route 18
      Albion, PA 16475-0001

      Amy L. Fitzpatrick
      Office of the District Attorney
      401 Allegheny County Courthouse
      Pittsburgh, PA 15219